CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMUNITY FINANCE GROUP, INC., A MINNESOTA CORPORATION, | Civil Action No. 12-3851(FSH) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| STANBIC BANK LIMITED, *et al.*, | June 25, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon a diversity action for damages resulting from alleged negligence and breach of fiduciary duty. Defendant, Stanbic Bank Limited, has filed a Renewed Motion to Dismiss Plaintiff's Complaint asserting a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Defendant previously moved to dismiss the Plaintiff's Complaint for lack of personal jurisdiction, but on January 10, 2013, this Court denied the motion to dismiss pending limited jurisdictional discovery. This Court has reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78.

**BACKGROUND**

Plaintiff, Community Finance Group, Inc. is incorporated and headquartered in Minnesota. In February 2009, Plaintiff – through its general manager, Andrew Vilenchik – was involved in discussions with John Saina (a former Republic of Kenya national) to purchase gold located in Kenya. In May of 2009, Plaintiff agreed to move forward with executing a gold purchase, and Saina agreed to assist and negotiate the deal. Later that month, an individual

named Illunga Ngoei ("Illunga") entered into the deal as a representative of a gold mine owner from the Democratic Republic of Congo. Illunga informed Plaintiff that his company, Zilicon Freighters, Ltd. ("Zilicon") had gold from Democratic Republic of Congo readily available for sale. Saina then traveled to Kenya to investigate the potential transaction. On June 1, 2009, Saina went to the office of a second Defendant, Great Lakes Auto Tech Int'l Ltd. ("Great Lakes"), a sister/holding company of Zilicon, to verify the existence of 300 kg of gold, to inspect it, and to take samples. The next day, Plaintiff and Zilicon entered into a contract for the delivery of 300 kg of gold to the United States.

On June 4, 2009, pursuant to the June 2nd agreement, Plaintiff agreed to wire $350,000.00 of the total $6,000,000.00 due to Great Lakes/Zilicon in Kenya to be held in escrow to cover Kenyan taxes, customs fees, and storage. On June 5, 2009, a purchase agreement was executed for 300 kg of gold and the Plaintiff flew to Nairobi, Kenya to verify the product in person and to consummate the transaction. On June 12, 2009, while in Kenya, Plaintiff effectuated the wire transfer of $350,000.00 from its bank in Milwaukee, Wisconsin to Great Lakes' bank account at Defendant Stanbic Bank Limited in Nairobi, Kenya. This wire transfer was effectuated through Deutsche Bank Trust Company, which acted as the corresponding U.S. bank for Stanbic Bank Limited. On June 17, 2009, Plaintiff received a fax copy of the SWIFT[1] transmission from Defendant Stanbic Bank Ltd in which Stanbic advised that it was releasing the funds to the beneficiary. Stanbic Bank noted that they had done due diligence and that the beneficiary brought to the bank documents showing that they were supplying some mineral.

---

[1] SWIFT wire transfers are "an international electronic funds transfer system." *Harris v. Lloyds TSP Bank, PLC*, 281 Fed. Appx. 489, 491 (6th Cir. Tenn. 2008). SWIFT is an acronym for "Society for Worldwide Interbank Financial Telecommunications." *Id*. Further, "SWIFT is utilized by thousands of banks throughout the world and provides a method for secure, standardized electronic banking." *Id*. at n.2.

Shortly thereafter, Plaintiff discovered that certain people involved in the transaction had misrepresented themselves and that the transaction appeared to be fraudulent in nature. Plaintiff then filed complaints with authorities in Kenya. Illunga was arrested in connection with Plaintiff's complaints, and Kenyan authorities claimed they would pursue a full investigation and Plaintiff returned to the United States. Subsequently, Plaintiff allegedly discovered that the same individuals, using the same methodology and documentation, had previously conducted the same gold transaction scheme perpetrated on them on at least one other occasion.

Defendant Stanbic Bank Limited is a resident of the Republic of Kenya, with its principal place of business located in Nairobi, Kenya. It maintains its principal United States bank account with Deutsche Bank Trust Company, which it opened in the State of New York under New York laws. Deutsche Bank is headquartered in New York, New York.

**STANDARD**

**I.    PERSONAL JURISDICTION**

Federal Rule of Civil Procedure 4(k) permits a federal court sitting in diversity to assert personal jurisdiction over a nonresident only to the extent authorized by the state in which the court sits. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Pursuant to New Jersey's long-arm statute, N.J. Court Rule 4:4-4, a district court is permitted to assert personal jurisdiction over nonresidents "to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Control Screening LLC v. Technological Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012). On a motion under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992). A court must accept as true the allegations in the

complaint and resolve disputed issues of fact in favor of the plaintiff. *Id.* at 142 n.1. However, the plaintiff cannot rely on the pleadings alone but must provide actual proofs. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir.1984). A court may determine that personal jurisdiction exists when a defendant has "minimum contacts" with the forum state and, if asserting jurisdiction based on those contacts, comports with "fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *Mellon Bank (East) PSFS v. Farino,* 960 F.2d 1217, 1226 (3d Cir.1992).

## II.   MINIMUM CONTACTS

A court can assert either general or specific jurisdiction. General jurisdiction is proper, "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). However, general jurisdiction exists "over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (internal quotation marks and citation omitted). To assert the existence of specific jurisdiction, Plaintiff bears the burden to prove that: 1) Defendant purposefully directed its activities at the forum; and 2) its claims arise out of or relate

4

to at least one of those activities.  *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).

### III.	FAIR PLAY AND SUBSTANTIAL JUSTICE

If the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *Id.* (citations omitted).  A court must determine reasonableness by balancing the burden on the defendant, the forum's interest in adjudicating the dispute, the judicial system's interest in the efficient resolution of disputes, the interests of the several states in furthering fundamental social policies, and the plaintiff's interest in convenient and effective relief.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

## DISCUSSION

### I.	PERSONAL JURISDICTION

#### A.	MINIMUM CONTACTS

Plaintiff fails to show Defendant, Stanbic Bank Limited, has sufficient minimum contacts with New Jersey to support general or specific jurisdiction.  Plaintiff alleges only two types of contacts between Defendant and New Jersey:  (1) a customer who opened an account in Kenya and later moved to New Jersey; and (2) a wire transfer, effectuated by Plaintiff, that may or may not have been processed/serviced by Deutsche Bank's back office located in New Jersey while en route to Defendant in Kenya from Plaintiff's bank account in Milwaukee.  The fact that a customer opened a bank account with Defendant in Kenya and then moved to New Jersey does not bolster Plaintiff's attempt to prove personal jurisdiction because "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Therefore,

Plaintiff's assertion that sufficient minimum contacts exist between Defendant and New Jersey necessarily centers on the wire transfer from Minnesota to Kenya.

**B.     GENERAL JURISDICTION**

Here, Defendant, a Kenyan bank, would not satisfy the requirement of being "essentially at home" in New Jersey. Defendant's only relevant contact with New Jersey is a wire transfer, effectuated by the Plaintiff, which may or may not have passed through a non-party bank's back office in New Jersey. This isolated affiliation with New Jersey (to the extent that it actually occurred) cannot be characterized as continuous and systematic. Moreover, Plaintiff does not even assert that general jurisdiction is appropriate. Therefore, to assert that this Court may assert personal jurisdiction, Plaintiff must prove that specific jurisdiction is proper.

**C.     SPECIFIC JURISDICTION**

This Court may assert personal jurisdiction over the Defendant if Stanbic Bank Limited has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. at 316 (internal quotation marks and citation omitted). In order to be subject to personal jurisdiction within a particular forum, "it is essential…that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. at 253.

Here, Defendant does not own real estate, maintain offices, advertise, solicit business, pay taxes or maintain contracts with any party in the State of New Jersey. Moreover, Defendant is not licensed to do business anywhere in the United States. Defendant does maintain a bank account with Deutsche Bank, or its subsidiary Deutsche Bank Trust Company. Deutsche Bank is

a national bank, and Defendant's account was opened in the State of New York using opening account documentation that explicitly states, "the Bankers Trust Company is a bank organized under the laws of the State of New York."

Plaintiff argues that it merely needs to demonstrate that Stanbic Bank has sufficient presence in New Jersey within the matter at hand for this Court to have jurisdiction, and that such presence is proven by the fact that Stanbic allegedly executed contracts with Deutsche Bank or its subsidiaries, whose operations are supported by Deutsche Bank's back office support center in New Jersey. Even though Deutsche Bank operates an office in New Jersey, it can hardly be said that by opening and utilizing a bank account in New York the Defendant purposely (or even knowingly) availed itself of "the privilege of conducting activities within [New Jersey], thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. at 253.

Plaintiff further argues that it wired the funds at issue from its bank in Milwaukee, Wisconsin to Stanbic Bank in Kenya, using Stanbic Bank's U.S. bank account at Deutsche Bank Trust Company as a clearinghouse for transfers by/to Stanbic, only because of instructions from Defendant to do so. Even if Plaintiff only decided to wire money pursuant to Defendant's request, there is no evidence to support the idea that Stanbic Bank had any knowledge that Deutsche Bank's New Jersey office would be (or for that matter, *was*) involved in any way. This Court cannot assert personal jurisdiction over a Defendant merely because Deutsche Bank chose (if in fact they did so) to process a wire transfer in New Jersey. *Hanson v. Denckla*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

Further, Plaintiff does not attempt to prove that this specific wire transfer was serviced or passed through Deutsche Bank's New Jersey office in anyway. Rather, Plaintiff provides exhibits showing merely that wire transfers in general may be processed by Deutsche Bank's bank office in New Jersey. However, documents attached by Plaintiff to their Opposition relating to this specific wire transfer explicitly mention New York's involvement with Defendant's account, but do not mention New Jersey at all. This weighs in contrast to Plaintiff's assertion that Defendant purposefully availed itself within the forum state of New Jersey.

Plaintiff further argues that it has a vested interest in <u>this</u> jurisdiction because Defendant "apparently has funds held in this forum." This argument is untenable. Plaintiff attached a spreadsheet of Defendant's monthly account balance at Deutsche Bank to its Opposition Brief to prove the significance of the funds held in <u>this</u> forum. However, in relation to Defendant's account, the spreadsheet mentions Deutsche Bank "New York" (and/or "NYK") in several spots, but never once mentions New Jersey.

Finally, Plaintiff contends that the funds transferred through the Defendant's U.S. account were the proximate cause of their alleged damages, and thus this Court is the most efficient forum because the funds were "serviced and transacted" in this jurisdiction. As discussed above, there is little or no evidence to support the idea that any funds relating to this matter were serviced or transacted in New Jersey. To bolster its argument, Plaintiff cites a case from the Southern District of New York that states "[w]hile the existence of a correspondent account in New York would not…alone, confer jurisdiction over defendant in New York, a cause of action arising out of a transaction involving the *use* of a correspondent account may confer jurisdiction over defendant in New York." *Chase Manhattan Bank v. Banque Generale Du Commerce*, 96 CIV. 5184 (KMW), 1997 WL 266968 at \*2 (S.D.N.Y. May 20, 1997) (emphasis

8

in original). However, the only relevance this quote seems to provide is that jurisdiction over this matter *may* be proper in New York. Since there is nothing to indicate that a corresponding account was opened or utilized by the Defendants in New Jersey, jurisdiction remains improper in New Jersey and in this Court.

As such, even after a jurisdictional discovery process, Plaintiff has not proven that this Court may assert personal jurisdiction over Defendant, Stanbic Bank Limited. Plaintiff fails to meet its burden to prove personal jurisdiction by failing to show that the Defendant purposely directed its activities in New Jersey, and by failing to prove that its claims arise out of or relate to the Defendant's activities within New Jersey.

**D.   FAIR PLAY AND SUBSTANTIAL JUSTICE**

Since Plaintiff has failed to carry its burden in demonstrating minimum contacts, it is not necessary to evaluate the reasonableness of asserting jurisdiction. *Int'l Shoe,* 326 U.S. at 316.

**CONCLUSION & ORDER**

For the reasons noted and explained above, this Court finds that Plaintiff has not carried its burden of establishing that this Court may exercise personal jurisdiction in the instant case.

Accordingly, **IT IS** on this 25th day of June 2013, hereby

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint against Defendant is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to mark this case **CLOSED**.

s/ Faith S. Hochberg<br>
**Hon. Faith S. Hochberg, U.S.D.J.**